**CONSOLIDATED, AMENDED AND RESTATED PROMISSORY NOTE**

$170,000,000.00                                                                                              October 27, 2017

       For value received, GC SHL, LLC, a Delaware limited liability company, having an address at 818 West 7th Street, Suite 410, Los Angeles, California 90017 (collectively, "***Borrower***"), promises to pay to the order of NATIXIS REAL ESTATE CAPITAL LLC, a Delaware limited liability company, at its principal place of business at 1251 Avenue of the Americas, New York, New York 10020 (together with its successors and assigns "***Lender***"), or at such place as the holder hereof may from time to time designate in writing, the principal sum of One Hundred Seventy Million and No/100 Dollars ($170,000,000.00), in lawful money of the United States of America, with interest on the unpaid principal balance from time to time outstanding to be computed in the manner, at the times and, subject to the provisions of Section 2.2.2 of the Loan Agreement (as hereinafter defined), at the Interest Rate provided in that certain Loan Agreement (as amended, modified, restated, consolidated, replaced or supplemented from time to time, the "***Loan Agreement***") dated as of the date hereof between Borrower and Lender. Capitalized terms used but not defined herein shall have the respective meanings given such terms in the Loan Agreement.

       WHEREAS, the Lender is the owner and holder of the mortgages set forth on **Schedule A** (collectively, the "***Original Mortgages***") and of the notes (collectively, the "***Original Notes***") secured thereby;

       WHEREAS, there is now owing on the Original Notes and the Original Mortgages the unpaid principal sum of $160,000,000.00, together with interest thereon;

       WHEREAS, in connection with the making of the Loan in the original aggregate principal amount of up to $170,000,000.00 by Lender to Borrower, Borrower has made that certain Gap Promissory Note, dated as of the date hereof, in the original principal amount of $10,000,000.00 in favor of Lender (the "***Gap Note***"), which Gap Note is secured by, among other things, that certain Gap Mortgage and Security Agreement, dated as of the date hereof, and given by Maker to Payee (the "***Gap Mortgage***");

       WHEREAS, in connection with the making of the Loan, Borrower has agreed, among other things, to (i) continue the obligations of the Borrower under the Original Notes, and has requested that Lender consolidate the Original Notes and the Gap Note and amend and restate the terms and provisions of the Original Notes and the Gap Note into this Note, and (ii) continue its obligations under the Original Mortgages, and has requested that Lender consolidate and modify the Original Mortgages and the Gap Mortgage pursuant to that certain Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement (the "***Security Instrument***");

       WHEREAS, from the date hereof through the Maturity Date (as hereinafter defined), Borrower shall make payments of principal and interest with respect to the Loan to Lender pursuant to the terms of this Note, and

       NOW, THEREFORE, in consideration of the promises, the agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby covenant and agree as follows, effective as of the date first above written.

       **1.**     **Payment Terms.**  Borrower shall pay the Monthly Debt Service Payment Amount to Lender in the manner and at the times specified in Article 2 of the Loan Agreement, which payments shall

be applied in the order of priority set forth in said Article 2.  Borrower shall also pay to Lender interest at the Default Rate, Late Payment Charges, the Yield Maintenance Premium, if any, and all other amounts due and payable as and when provided for in the Loan Agreement. The balance of the Principal, together with all accrued and unpaid interest thereon, and all other amounts payable to Lender hereunder, under the Loan Agreement and under the other Loan Documents shall be due and payable on the Maturity Date.

       **2.**     **Loan Documents.**  This Promissory Note (this "*Note*") is evidence of that certain loan made by Lender to Borrower contemporaneously herewith and is executed pursuant to the terms and conditions of the Loan Agreement.  This Note is secured by and entitled to the benefits of, among other things, the Security Instrument and the other Loan Documents.  Reference is made to the Loan Documents for a description of the nature and extent of the security afforded thereby, the rights of the holder hereof in respect of such security, the terms and conditions upon which this Note is secured and the rights and duties of the holder of this Note.  All of the agreements, conditions, covenants, provisions and stipulations contained in the Loan Agreement and the other Loan Documents are by this reference hereby made part of this Note to the same extent and with the same force and effect as if they were fully set forth in this Note, and Borrower covenants and agrees to keep and perform the same, or cause the same to be kept and performed, in accordance with their terms.

       **3.**     **Loan Acceleration; Prepayment.**  The Debt shall, without notice, become immediately due and payable at the option of Lender upon the happening of any Event of Default.  This Note may not be prepaid except as otherwise expressly provided in, and subject to the terms and conditions, of the Loan Agreement.

       **4.**     **Revival.**  To the extent that Borrower makes a payment or Lender receives any payment or proceeds for Borrower's benefit, which are subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be repaid to a trustee, debtor in possession, receiver, custodian or any other party under the Bankruptcy Code or any other bankruptcy law, common law or equitable cause, then, to such extent, the obligations of Borrower hereunder intended to be satisfied shall be revived and continue as if such payment or proceeds had not been received by Lender.

       **5.**     **Amendments.**  This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.  Whenever used, the singular number shall include the plural, the plural the singular, and the words "Lender" and "Borrower" shall include their respective successors, assigns, heirs, executors and administrators.  If Borrower consists of more than one person or party, the obligations and liabilities of each such person or party shall be joint and several.

       **6.**     **Waiver.**  Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, protest, notice of protest, notice of nonpayment, notice of intent to accelerate the maturity hereof and of acceleration.  No release of any security for the Debt or any Person liable for payment of the Debt, no extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of the Loan Documents made by agreement between Lender and any other person or party shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower, and any other Person or party who may become liable under the Loan Documents, for the payment of all or any part of the Debt.

**7.** **Exculpation.**  It is expressly agreed that recourse against Borrower for failure to perform and observe its obligations contained in this Note shall be limited as and to the extent provided in Section 10.1 of the Loan Agreement.

**8.** **Notices.**  All notices or other communications required or permitted to be given pursuant hereto shall be given in the manner specified in the Loan Agreement directed to the parties at their respective addresses as provided therein.

**9.** **Governing Law.**  THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS EXCEPT THAT IT IS THE INTENT OF BORROWER THAT THE PROVISIONS OF SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK SHALL APPLY TO THIS NOTE) AND THE APPLICABLE LAWS OF THE UNITED STATES OF AMERICA, WHICH LAWS OF THE UNITED STATES OF AMERICA SHALL, TO THE EXTENT THE SAME PREEMPT SUCH STATE LAWS, GOVERN AND BE CONTROLLING.

**1.** **Payment Terms.**  Borrower shall pay the Monthly Debt Service Payment Amount to Lender in the manner and at the times specified in Article 2 of the Loan Agreement, which payments shall be applied in the order of priority set forth in said Article 2.  Borrower shall also pay to Lender interest at the Default Rate, Late Payment Charges, the Yield Maintenance Premium, if any, and all other amounts due and payable as and when provided for in the Loan Agreement. The balance of the Principal, together with all accrued and unpaid interest thereon, and all other amounts payable to Lender hereunder, under the Loan Agreement and under the other Loan Documents shall be due and payable on the Maturity Date.

**2.** **Loan Documents.**  This Promissory Note A (this "*Note*") is evidence of that certain loan made by Lender to Borrower contemporaneously herewith and is executed pursuant to the terms and conditions of the Loan Agreement.  This Note is secured by and entitled to the benefits of, among other things, the Security Instrument and the other Loan Documents.  Reference is made to the Loan Documents for a description of the nature and extent of the security afforded thereby, the rights of the holder hereof in respect of such security, the terms and conditions upon which this Note is secured and the rights and duties of the holder of this Note.  All of the agreements, conditions, covenants, provisions and stipulations contained in the Loan Agreement and the other Loan Documents are by this reference hereby made part of this Note to the same extent and with the same force and effect as if they were fully set forth in this Note, and Borrower covenants and agrees to keep and perform the same, or cause the same to be kept and performed, in accordance with their terms.

**3.** **Loan Acceleration; Prepayment.**  The Debt shall, without notice (except as provided in the Loan Agreement), become immediately due and payable at the option of Lender upon the happening of any Event of Default (subject to any applicable grace or cure periods set forth in the Loan Agreement). This Note may not be prepaid except as otherwise expressly provided in, and subject to the terms and conditions, of the Loan Agreement.

**4.** **Revival.**  To the extent that Borrower makes a payment or Lender receives any payment or proceeds for Borrower's benefit, which are subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be repaid to a trustee, debtor in possession, receiver, custodian or any other party under the Bankruptcy Code or any other bankruptcy law, common law or equitable cause, then, to such extent, the obligations of Borrower hereunder intended to be satisfied shall be revived and continue as if such payment or proceeds had not been received by Lender.

**5.** **Amendments.** This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought. Whenever used, the singular number shall include the plural, the plural the singular, and the words "Lender" and "Borrower" shall include their respective successors, assigns, heirs, executors and administrators. If Borrower consists of more than one person or party, the obligations and liabilities of each such person or party shall be joint and several.

**6.** **Waiver.** Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, protest, notice of protest, notice of nonpayment, notice of intent to accelerate the maturity hereof and of acceleration. No release of any security for the Debt or any Person liable for payment of the Debt, no extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of the Loan Documents made by agreement between Lender and any other person or party that is a party thereto shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower, and any other Person or party who may become liable under the Loan Documents, for the payment of all or any part of the Debt.

**7.** **Exculpation.** It is expressly agreed that recourse against Borrower for failure to perform and observe its obligations contained in this Note shall be limited as and to the extent provided in Section 10.1 of the Loan Agreement.

**8.** **Notices.** All notices or other communications required or permitted to be given pursuant hereto shall be given in the manner specified in the Loan Agreement directed to the parties at their respective addresses as provided therein.

**9.** **Governing Law.** THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS EXCEPT THAT IT IS THE INTENT OF BORROWER THAT THE PROVISIONS OF SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK SHALL APPLY TO THIS NOTE) AND THE APPLICABLE LAWS OF THE UNITED STATES OF AMERICA, WHICH LAWS OF THE UNITED STATES OF AMERICA SHALL, TO THE EXTENT THE SAME PREEMPT SUCH STATE LAWS, GOVERN AND BE CONTROLLING.

[THE REMAINDER OF THE PAGE IS INTENTIONALLY BLANK]

IN WITNESS WHEREOF, Borrower has executed this Note as of the date first written above.

**BORROWER**:

GC SHL, LLC,
a Delaware limited liability company

By: _____
Name:   Valerie Yip
Title:    Vice President

*Signature Page to Promissory Note*

**Schedule A**
[DESCRIPTION OF ORIGINAL MORTGAGES]

Original Mortgages

(1) Mortgage made by AB Green Gansevoort, LLC -to- GHC NY Corp., in the amount of $7,000,000.00, dated 5/27/2004 and recorded on 7/5/2004 under CRFN 2004000415362. (Mortgage Tax Paid: $192,500.00.)

Which Mortgage was modified by the terms of a First Amendment to Purchase Money Mortgage and Security Agreement made between AB Green Ganesvoort, LLC -and- GHC NY Corp., dated as of 1/7/2005 and recorded on 3/29/2005 under CRFN 2005000180765.

Which Mortgage was assigned by Assignment of Mortgage from GHC NY Corp. -to- HSH Nordbank AG, New York Branch, dated 10/3/2006 and recorded on 11/20/2006 under CRFN 2006000643090.

(2) Mortgage made by AB Green Gansevoort, LLC -to- Manufacturers and Traders Trust Company, in the amount of $8,000,000.00, dated as of 10/21/2004 and recorded on 2/15/2005 under CRFN 2005000096310. (Mortgage Tax Paid: $220,000.00.)

Which Mortgage was modified by the terms of a First Amendment to Mortgage made by AB Green Gansevoort, LLC -to- Manufacturers and Traders Trust Company, dated as of 1/7/2005 and recorded on 3/29/2005 under CRFN 2005000180766.

Which Mortgage was assigned by Assignment of Mortgage from Manufacturers and Traders Trust Company -to- HSH Nordbank AG, New York Branch, dated 10/4/2006 and recorded on 11/20/2006 under CRFN 2006000643091.

(3) Gap Mortgage made by AB Green Gansevoort, LLC -to- HSH Nordbank AG, New York Branch, as agent, in the amount of $5,001,829.25, dated as of 10/13/2006 and recorded on 11/20/2006 under CRFN 2006000643092. (Mortgage Tax Paid: $140,050.40.)

Which Mortgages No. 1 through No. 3 were consolidated to form a single lien of $20,000,000.00 by the terms of a Consolidated, Amended and Restated Acquisition Mortgage, Assignment of Leases, Security Agreement and Fixture Filing Agreement made between AB Green Gansevoort, LLC -and- HSH Nordbank AG, New York Branch, dated as of 10/13/2006 and recorded on 11/20/2006 under CRFN 2006000643093.

Which Mortgages No. 1 through No. 3, as consolidated, were assigned by Assignment of Mortgage from HSH Nordbank AG, New York Branch, as administrative agent -to- German American Capital Corporation, dated as of 6/17/2011 and recorded on 8/4/2011 under CRFN 2011000274338.

(4) Building Mortgage, Assignment of Leases, Security Agreement and Fixture Filing made by AB Green Gansevoort, LLC -to- HSH Nordbank AG, New York Branch, as agent, in the amount of $90,000,000.00, dated as of 10/13/2006 and recorded on 11/20/2006 under CRFN 2006000643095. (Mortgage Tax Paid: $2,520,000.00.)

~~

      Which Mortgage was assigned by Assignment of Building Mortgage, Assignment of Leases, Security Agreement and Fixture Filing from HSH Nordbank AG, New York Branch, as administrative agent -to- German American Capital Corporation, dated as of 6/17/2011 and recorded on 8/4/2011 under CRFN 2011000274340.

(5)    Project Mortgage, Assignment of Leases, Security Agreement and Fixture Filing made by AB Green Gansevoort, LLC -to- HSH Nordbank AG, New York Branch, as agent, in the amount of $20,000,000.00, dated as of 10/13/2006 and recorded on 11/20/2006 under CRFN 2006000643097. (Mortgage Tax Paid: $560,000.00.)

      Which Mortgage was assigned by Assignment of Project Mortgage, Assignment of Leases, Security Agreement and Fixture Filing from HSH Nordbank AG, New York Branch, as administrative agent -to- German American Capital Corporation, dated as of 6/17/2011 and recorded on 8/4/2011 under CRFN 2011000274339.

      Which Mortgages No. 1 through No. 5 were consolidated to form a single lien of $117,000,000.00 by the terms of a Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement made between AB Green Gansevoort, LLC -and- ABG Standard Operator LLC, dated as of 6/30/2011 and recorded on 8/4/2011 under CRFN 2011000274341.

      Which Mortgages No. 1 through No. 5, as consolidated, were assigned by Assignment of Mortgage from German American Capital Corporation -to- U.S. Bank National Association, as trustee for the Registered Holders of Comm 2011-FL1 Commercial Mortgage Pass-Through Certificates, dated 10/19/2011 and recorded on 6/1/2012 under CRFN 2012000214664.

      Which Mortgages No. 1 through No. 5, as consolidated, were further assigned by Assignment of Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement from U.S. Bank National Association, as trustee for the Registered Holders of Comm 2011-FL1 Commercial Mortgage Pass-Through Certificates -to- Bank of America, N.A., dated as of 12/9/2014 and recorded on 1/3/2015 under CRFN 2015000001665.

(6)    Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents, and Security Agreement made by AB Green Gansevoort, LLC -to- ABG Standard Operator LLC, in the amount of $47,000,000.00, dated as of 12/9/2014 and recorded on 1/3/2015 under CRFN 2015000001667. (Mortgage Tax Paid: $1,316,000.00.)  Which Mortgage, by its terms, was consolidated with Mortgages No. 1 through No. 5 to form a single lien of $160,000,000.00.

      Which Mortgages No. 1 through No. 6, as consolidated, were assigned by Assignment of Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents and Security Agreement made by Bank of America, N.A. -to- Bank of China, New York Branch, dated as of 8/11/2015 and recorded on 9/10/2015 under CRFN 2015000317072.

      Which Mortgages No. 1 through No. 6, as consolidated, were further assigned by Assignment of Mortgage made by Bank of China, New York Branch, to Natixis Real Estate Capital LLC, a Delaware limited liability company, effective as of October 27, 2017 and to be recorded in the Office of the New York City Register, New York County.

(7)    Gap Mortgage made by GC SHL, LLC -to- Natixis Real Estate Capital LLC, a Delaware limited liability company, in the amount of $10,000,000.00, dated October 27, 2017 and to be recorded in the Office of the New York City Register, New York County.

Which Mortgages No. 1 through No. 7 are consolidated to form a single lien of $170,000,000.00 by the terms of a Consolidation, Extension and Modification Agreement made between GC SHL, LLC -and- Natixis Real Estate Capital LLC, a Delaware limited liability company, dated October 27, 2017 and to be recorded in the Office of the New York City Register, New York County.

~~